(10 Misc. Rep. 128.)

## BRAND v. NEW JERSEY STEAMBOAT CO.

(Common Pleas of New York City and County, General Term.    November 5, 1894.)

1. CARRIERS—LIABILITY AS WAREHOUSEMAN.
    One day is a reasonable time to unload, and remove to a distance of one mile, 63 bales of hops, so as to change the carrier's liability to that of a warehouseman, where the consignee has sufficient drays available to effect the removal.

2. SAME—REASONABLE CARE.
    Where goods were in a lighter, awaiting removal by the consignee, who repeatedly informed the captain of the lighter that he would remove them during the day, but late in the afternoon sent word that he would not remove them that day, whereupon the captain covered them with tarpaulins, instead of putting them in a warehouse, he used such reasonable care as to discharge the carrier's duty as a warehouseman.

Appeal from judgment on report of referee.

Action by George W. Brand against the New Jersey Steamboat Company to recover damages for injuries to part of a shipment of 63 bales of hops shipped by plaintiff on defendant's steamboat from Albany to the Claus Lipsius Brewing Company, in Williamsburgh, under a verbal contract of affreightment.    The complaint was dismissed on the merits, and plaintiff appeals.    Affirmed.

The goods were lightered by the defendant upon their arrival in New York, and were transported to a dock within one mile of the consignee's place of residence, the lighter reaching the dock at 8:30 in the morning of July 19, 1889.  The consignee was notified of the arrival of the goods, and a reply was received that removal of the hops would be made early in the morning of the above date.  By 9 o'clock that morning a dray arrived from the consignee's brewery, and took on a load of 17 bales, delivering the same at the brewery by 10 o'clock, but no other wagons from the consignee arrived at the dock that day.  At 1 o'clock the captain of the lighter telephoned to the brewery with regard to the delivery of the remaining bales, and was told that they would be sent for during the day.  At 5 he telephoned again, and received word that no more hops would be taken that day.  Thereupon, the bales were covered with tarpaulins, in the manner followed by lightermen, and remained on board during the night.  Before morning a particularly heavy rain storm took place, and damage to the goods occurred, resulting in their refusal by the

consignee, and a consequent loss to the plaintiff. It appeared that an order had been given by the consignee to its servants to send three drays for the purpose of unloading these goods, and that a number of drays, sufficient for the carrying out of the order, could have been made available; also, that three loads would have sufficed for the transportation of the entire consignment. The evidence tended to show that this transportation was not made, owing to the opinion of the consignee's servants that the weather was threatening, and the testimony as to the state of the weather during the day presented a conflict. The referee rendered judgment in favor of the defendant, for dismissal of the complaint upon the merits.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Wm. O. Campbell, for appellant.
W. P. Prentice, for respondent.

BISCHOFF, J. No claim is made that the goods in suit were injured while in the course of actual transportation by the defendant carrier, and the only question raised by the appellant relates to the defendant's liability for the damage occurring, under the state of facts above recited, either in the capacity of carrier or of warehouseman. It is well settled that a carrier of goods retains its character as such, with the attendant liability as insurer, until the goods have been delivered to the consignee, either actually or constructively, and that, to constitute a constructive delivery, there must be notice of arrival, and the affording of a reasonable time for the removal of the goods by the consignee. After this reasonable time has elapsed, and the carrier should fail to divest itself of all liability by storing the goods for the consignor, as it may, a liability as warehouseman attaches; and an absence of ordinary and reasonable care of the goods must be shown, in order that a liability for their injury may be imposed. Tarbell v. Shipping Co., 110 N. Y. 180, 17 N. E. 721; McKinney v. Jewett, 90 N. Y. 271; Redmond v. Steamboat Co., 46 N. Y. 578; McAndrew v. Whitlock, 52 N. Y. 40; Fenner v. Railroad Co., 44 N. Y. 505; Draper v. Canal Co., 118 N. Y. 118, 23 N. E. 121. The circumstances of the particular case must control, in determining the extent of this reasonable time. McAndrew v. Whitlock, supra. And in this connection the consignee's obligation to exercise due diligence in removing the goods is a material element of consideration. Tarbell v. Shipping Co., supra. As to the defendant's liability as carrier, then, the case turns upon the question whether or not the space of one day afforded a reasonable time for the unloading of the hops in suit; and, in view of the circumstances of the case, we agree with the learned referee that this was such a reasonable time. There was no provision for lay days in the contract of carriage, and the consignee, at intervals during the day of the lighter's arrival, expressed his intention of removing the goods before night, which removal, by the means contemplated, could readily have been accomplished in a short space of time; and it appears from the evidence, considering the perishable nature of the goods, that the carrying out of its expressed intention by the consignee would have been but the performance of its duty to the carrier, as imposed by law. There is ample evidence to support the

referee's finding that upon this particular day the state of the weather reasonably admitted of the safe transportation by the consignee of the goods, notwithstanding the conflict upon this point, and the defendant is in no way to be held accountable for errors of judgment on the part of the consignee's servants with regard to the expediency of carting the hops during the period in question.

Not being liable as carrier for the injury which occurred to the goods, is the defendant chargeable with negligence in caring for them as warehouseman? That the defendant's agent, the captain of the lighter, exercised reasonable care in covering the hops for the night, cannot, we think, be seriously disputed; and, indeed, the appellant's argument upon this point is confined to the proposition that it was the defendant's duty to place the goods in storage, for their proper protection. It is not contradicted that the captain carefully employed the usual means provided for protecting goods upon a lighter, nor that these means, under ordinary circumstances, would suffice for their purposes; and in view of the repeated expressions by the consignee of its intention to remove the goods that day, together with its failure to give notice of its change of intention until the end of the day, it cannot be questioned that the placing of the goods in storage overnight would have been an act of extraordinary diligence, not required of the defendant. The duties of the parties were correlative (Tarbell v. Shipping Co., supra), and those of the defendant were not to be increased by the consignee's failure to observe those on its part to be performed (Button v. Railroad Co., 18 N. Y. 256).

The appellant raises no points which require a further discussion, and we are well content to affirm the judgment, whereby the respondent appears to have obtained but justice. Judgment affirmed, with costs. All concur.